In the Matter of Julius S. Impellizzeri, an Attorney, Respondent. Association of the Bar of the City of New York, Petitioner.

First Department, December 19, 1968.

*John G. Bonomi* of counsel (*Michael Franck* with him on the brief), for petitioner.

*Carl J. Rubino* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in 1947. In April, 1965 he was indicted in the United States District Court for the Southern District of New York for unlawfully, willfully and knowingly failing to file Federal income tax returns for the years 1958 [Count 1]; 1959 [Count 2]; 1960 [Count 3]; and for unlawfully, willfully and knowingly attempting to evade and defeat the Federal income tax for the year 1960 [Count 4]. In September, 1965, respondent was convicted upon his plea of guilty of the crimes charged in the first three counts and was fined the sum of $1,000 on each of such counts. The fourth count was dismissed on motion of respondent's counsel without opposition by the Government. Respondent's tax liability for the years 1958 and 1959, over and above tax withheld from salary, was only $157.67 and $88.10 respectively — obviously too insignificant to have furnished any motivation for evading payment. As to the year 1960, it was later established that there was no deficiency at all although at the time the return was due there was some question as to whether there would ultimately be substantial liability.

The Referee's report details a history of serious illness suffered by respondent since he contracted tropical diseases while engaged in outstanding military service in India and Africa during World War II. Late in 1957 and from time to time during succeeding years — a period also of marital troubles — respondent was afflicted with loss of mental clarity, bouts of confusion, difficulty in recalling recent events and marked asthenia. The Referee concluded that respondent's physical and mental deterioration was responsible for his failure to file his returns in time for the years in question. While petitioner is able to point to several items of respondent's testimony which appear inconsistent with the Referee's conclusion, we think the record as a whole shows that respondent's

ailment was a substantial contributing factor. Due weight must be given to the observation of respondent as a witness by the experienced Referee, who reported, " He impressed me as an honorable man, a frank and straightforward witness."

Respondent is 50 years of age, and his health is apparently restored. Following a number of years as a Deputy Assistant District Attorney in New York County, respondent's primary occupation has been as a company executive and counsel. He has been charged with no previous professional infraction. After review of the record it is concluded that censure is the appropriate sanction.

Respondent should be censured.

BOTEIN, P. J., STEVENS, TILZER, McGIVERN and McNALLY, JJ., concur.

Respondent censured.